# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

Civil Action
Docket No.:

| | |
|---|---|
| STATE OF MAINE | ) |
| | ) |
| and | ) |
| | ) |
| STATE OF NEW HAMPSHIRE | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) |
| M/V HARBOUR FEATURE | ) |
| *In Rem* | ) |
| | ) |
| Defendant | ) |

## VERIFIED COMPLAINT

NOW COME Plaintiffs the State of Maine, by and through its counsel Thompson & Bowie, LLP, and the State of New Hampshire, by and through its counsel, the New Hampshire Attorneys General's office, and as and for their Verified Complaint *in rem* against the *M/V Harbour Feature* (IMO #9473092), her engines, machinery, cargo, gear, tackle, apparel, furniture, equipment, etc. (the "Vessel"), to foreclose and enforce a maritime lien states as follows:

## JURISDICTION AND PARTIES

1. This is a matter within the admiralty and maritime jurisdiction of this Court within the meaning of 28 U.S.C. § 1333, and Rule 9(h) F.R.Civ.P. and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. Plaintiff State of Maine, by and through the Maine Department of Transportation, is, and at all times relevant hereto was, a body corporate and politic.

3. Plaintiff State of New Hampshire, by and through the New Hampshire Department of Transportation, is, and at all times relevant hereto was, a body corporate and politic.

4. The Defendant *In Rem, M/V Harbour Feature* (IMO #9473092), is a Portuguese flagged tanker vessel of 143 meters and 11,880 GT, constructed in 2011, and is now, and during the pendency of this action will be in Portsmouth, New Hampshire, within the District of New Hampshire and the jurisdiction of this Court.

5. Upon information and belief, the *M/V Harbour Feature* (IMO #9473092) is owned and/or operated by Tb Marine Shipmanagement of Hamburg, Germany.

6. This Court has jurisdiction over the *Harbour Feature* (IMO #9473092) in that she is, and will be throughout the course of these proceedings, within the State of New Hampshire and this District.

**FACTS**:

7. At all times relevant hereto, the State of Maine and the State of New Hampshire jointly owned the Sarah Mildred Long Bridge, which crosses over the Piscataqua River and connects Kittery, Maine and Portsmouth, New Hampshire.

8. On or about April 1, 2013, the *M/V Harbour Feature* was berthed at the New Hampshire State Pier in Portsmouth, New Hampshire.

9. On or about April 1, 2013, the crew of the *M/V Harbour Feature* failed to properly secure the vessel at her berth, resulting in the parting of her mooring lines and allowing the vessel to drift away from her berth and to allide with the Sarah Mildred Long Bridge.

10. The allision of the *M/V Harbour Feature* with the Sarah Mildred Long Bridge caused extensive physical damage to Sarah Mildred Long Bridge.

## COUNT I: NEGLIGENCE

11. Plaintiffs repeat and re-allege the facts set forth in Paragraphs 1 through 10, inclusive, above, with the same force and effect as if more fully set forth herein.

12. On or about April 1, 2013, the *M/V Harbour Feature* (IMO #9473092) was under a duty to be secured and attended properly at the New Hampshire State Pier.

13. The *M/V Harbour Feature* (IMO #9473092) and crew of the *M/V Harbour Feature* (IMO #9473092) negligently tended her lines allowing the vessel to come free from her berth and to allide with the Sarah Mildred Long Bridge.

14. The allision with the Sarah Mildred Long Bridge was the proximate result of the *M/V Harbour Feature's* failure to exercise due care.

15. The allision was the fault and legal responsibility of the *M/V Harbour Feature*.

16. As a result of the allision between the *M/V Harbour Feature* and the Sarah Mildred Long Bridge, the States of Maine and New Hampshire have sustained damages in the estimated amount of Two Million Four Hundred and Seventy-Four Thousand, Two Hundred and Fifty Dollars ($2,474,250.00).

17. The allision was a maritime tort on the part of the *M/V Harbour Feature* against Plaintiffs State of Maine and State of New Hampshire as owners of the Sarah Mildred Long Bridge.

18. The tortious acts and/or omissions of the *M/V Harbour Feature* were the proximate, legal, and sufficient cause of significant property damage to the Sarah Mildred Long Bridge.

19. No act of the State of Maine or the State of New Hampshire played any part in causing the allision.

20. The State of Maine and the State of New Hampshire are entitled to recover from the *M/V Harbour Feature* any and all costs associated with repairing the damage to the Sarah Mildred Long Bridge resulting from the *M/V Harbour Feature's* allision with the bridge, which costs are currently estimated to be Two Million Four Hundred and Seventy-Four Thousand, Two Hundred and Fifty Dollars ($2,474,250.00).

## COUNT II: MARITIME LIEN

21. Plaintiffs repeat and re-allege the Paragraphs 1 through 10, inclusive, above, with the same force and effect as if more fully set forth herein.

22. The allision of the *M/V Harbour* Feature with the Sarah Mildred Long Bridge constitutes a maritime tort.

23. As a result of the maritime tort committed by the *M/V Harbour Feature,* a maritime lien arose in favor of the State of Maine and the State of New Hampshire, as owners of the Sarah Mildred Long Bridge, against the *M/V Harbour Feature*.

24. The State of Maine and the State of New Hampshire are entitled to proceed *in rem* against the *M/V Harbour Feature* in order to foreclose the maritime lien.

25. Plaintiff has unsatisfied admiralty and maritime liens against the *M/V Harbour Feature* (IMO #9473092), for any and all costs associated with the repairs to the Sarah Mildred Long Bridge arising from the *M/V Harbour Feature's* allision with the bridge, currently estimated to be Two Million Four Hundred and Seventy-Four Thousand, Two Hundred and Fifty Dollars ($2,474,250.00).

26.     For the reasons set forth above, *M/V Harbour Feature* (IMO #9473092), is liable, *in rem*, to the State of Maine and the State of New Hampshire in the amount of Two Million Four Hundred and Seventy-Four Thousand, Two Hundred and Fifty Dollars ($2,474,250.00), plus interest, other charges and costs, and costs *in custodia legis*.

WHEREFORE, the State of Maine and the State of New Hampshire respectfully request that this Court:

A.      Issue process of maritime arrest against the Defendant *M/V Harbour Feature* (IMO #9473092) pursuant to Rules C and E of the Supplemental Rules for Certain Admiralty and Maritime Claims;

B.      Enter judgment in favor the State of Maine and the State of New Hampshire in an amount reasonably necessary to cover the costs associated with the repair of the damages sustained by the Sarah Mildred Long Bridge as a result of the allision with the *M/V Harbour Feature*, which is currently estimated to be Two Million Four Hundred and Seventy-Four Thousand, Two Hundred and Fifty Dollars ($2,474,250.00), plus accrued interest, late and other charges, costs of suit, and costs *in custodia legis*;

C.      Condemn and sell all property attached and/or arrested pursuant to the process prayed for herein at an interlocutory sale so as to satisfy the debt of the *M/V Harbour Feature* (IMO #9473092) and any judgment of this Court; and

D.      Grant such other and further relief in the State of Maine's and the State of New Hampshire's favor as it deems just and proper.

DATED at Portland, Maine, this 4rd day of April, 2013.

/s/   Michael E. Saucier
    Michael E. Saucier, Esq.
    NH Bar #  20005

Counsel for Plaintiff
State of Maine

THOMPSON & BOWIE, LLP
Three Canal Plaza, P.O. Box 4630
Portland, ME  04112-4630
(207) 774-2500
msaucier@thompsonbowie.com

/s/   Michael K. Brown
Michael K. Brown, Esq.
NH Bar #  333

Counsel for Plaintiff
State of New Hampshire

OFFICE OF THE ATTORNEY GENERAL
33 Capitol Street
Concord, NH,  03301
603-271-3658
Michael.Brown@doj.nh.gov

## VERIFICATION

I, David Bernhardt, being duly sworn depose and say:

I am the Commissioner of the Maine Department of Transportation, and am authorized to act on behalf of the Plaintiff State of Maine, and am duly authorized to sign this Verification.  I have read the foregoing Complaint and know the contents thereof, and verify and state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct (28 USC. §1746).

Executed on the 4th day of April, 2013.

        STATE OF MAINE

        By:  /s/ David Bernhardt_____
           David Bernhardt
           Commissioner, Maine Department
           Of Transportation

## VERIFICATION

I, David J. Brillhart, being duly sworn, do hereby depose and say:

I am the Assistant Commissioner of the New Hampshire Department of Transportation, and am authorized to act on behalf of the Plaintiff State of New Hampshire, and am duly authorized to sign this Verification. I have read the foregoing Complaint and know the contents thereof, and verify and state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct (28 USC. §1746).

Executed on the 4th day of April, 2013.

        STATE OF NEW HAMPSHIRE

        By: /s/ David J. Brillhart, P.E.
            David J. Brillhart PE
            Assistant Commissioner
            State of New Hampshire
            Department of Transportation